# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49065

| | | |
|---|---|---|
| In the Interest of: Jane Doe I, Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: December 7, 2021 |
| | ) | |
| Petitioner-Respondent, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| v. | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| JANE DOE (2021-35), | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie C. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John T. Spalding, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights to T.T. Doe alleges the magistrate court erred in finding that Doe neglected T.T. and termination of Doe's parental rights is in the best interests of the child. Because statutory grounds existed for terminating Doe's parental rights and the magistrate court's finding that termination of Doe's parental rights to T.T. is in the best interests of the child is supported by substantial and competent evidence, the judgment terminating Doe's parental rights is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological mother of T.T. and H.T., who were removed from Doe's home and placed into foster care.[1] The magistrate court held a shelter care hearing where based on the stipulation of the parties, the court ordered the children to be placed in temporary shelter care. At the subsequent adjudicatory hearing, the magistrate court granted the Department of Health and Welfare (Department) temporary custody of the children. The magistrate court approved a case plan for Doe and the children's father.[2]

The magistrate court held a review hearing where Doe consented to the termination of her parental rights to H.T. Thereafter, the magistrate court held a permanency hearing and entered an order approving permanency plans with a permanency goal of reunifying T.T. with Doe and of terminating Doe's parental rights to H.T.

Subsequently, the Department filed a petition to cease its reasonable efforts for reunification of Doe and T.T. In response, Doe moved for the magistrate court to find the Department failed to provide reasonable efforts for reunification of her and T.T. After an evidentiary hearing, the magistrate court found the Department exercised reasonable efforts to assist Doe with reunification and granted the Department's motion to cease such efforts, with a few exceptions.

After an eight-day termination trial, the magistrate court found three statutory grounds for termination of Doe's parental rights to T.T. The magistrate court found that: (1) Doe's torture of H.T. provided grounds for termination of Doe's parental rights to T.T. pursuant to Idaho Code § 16-2005(2)(b)(iii); (2) Doe's battery of H.T. caused him severe bodily injury and provided grounds for termination of Doe's parental rights to T.T. pursuant to I.C. § 16-2005(2)(b)(iii); and (3) Doe neglected T.T. by failing to provide the proper parental care or control that was necessary for the child's well-being pursuant to I.C. §§ 16-2002(3)(a) and 16-1602(26)(a).[3] However, the

---

[1]     Another child, J.T., was also removed from Doe's home at the same time. The magistrate court found Doe is not J.T.'s biological mother. Doe does not challenge this finding and her rights, if any, to J.T. are not at issue in this case.

[2]     The termination of father's parental rights are not the subject of this appeal.

[3]     The magistrate court appears to have incorrectly cited to Idaho Code § 16-1602(26)(a) as the basis for neglect by lack of proper parental care and control; the statutory ground for neglect by lack of proper parental care and control is instead contained in I.C. § 16-1602(31)(b). However,

magistrate court found that the Department did not establish that Doe neglected T.T. by her failure to complete the case plan because its completion was impossible. The magistrate court then found Doe's torture and battery of H.T. created rebuttable presumptions that termination of her parental rights to T.T. is in the best interests of the child and Doe did not overcome this presumption. Accordingly, the magistrate court terminated Doe's parental rights to T.T. Doe timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe alleges the magistrate court erred in finding that Doe neglected T.T. and termination of Doe's parental rights is in the best interests of the child. In response, the State argues the magistrate court did not err in either determination.

### A. Statutory Grounds Exist for Termination of Doe's Parental Rights

Doe alleges the magistrate court erred by finding clear and convincing evidence that she neglected T.T. Doe argues the magistrate court's finding of neglect was based upon Doe subjecting T.T. to a home environment with a registered sex-offender, but the court failed to adequately consider whether T.T. was abused by the registered sex-offender and Doe's protective

---

the language used by the magistrate court is nearly verbatim language from I.C. § 16-1602(31)(b). The incorrect citation does not affect this Court's opinion.

attitude towards T.T. in relation to the individual. Further, Doe argues the magistrate court "fail[ed] to consider the Department's failure to maintain reasonable efforts toward termination" which hindered Doe's ability to progress in her case plan. Thus, Doe argues the magistrate court erred in finding that Doe neglected T.T.

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 provides the statutory grounds upon which the trial court may grant an order terminating an individual's parental rights and each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117. Idaho Code § 16-2005(1) permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time.

Additionally, pursuant to I.C. § 16-2005(2)(b), the court may grant an order for termination of the parent-child relationship and the court may rebuttably presume termination of the parent-child relationship is in the best interests of the child when the following circumstances are present: (i) abandonment, chronic abuse, or chronic neglect of the child; (ii) sexual abuse against a child of the parent; (iii) torture of a child, any conduct described in I.C. § 18-8303(1), battery or an injury

4

to a child that results in serious or great bodily injury to a child, voluntary manslaughter, or aiding or abetting, soliciting, attempting, or conspiring to commit such voluntary manslaughter of a child; or (iv) the parent has committed, aided, abetted, solicited, attempted, or conspired to commit a murder.

In this case, the magistrate court found clear and convincing evidence of three separate statutory bases for terminating Doe's parental rights. First, pursuant to I.C. § 16-2005(2)(b)(iii), the magistrate court found Doe tortured H.T. which created a statutory basis for terminating Doe's parental rights to T.T. and a rebuttable presumption that termination of Doe's parental rights is in the best interests of T.T. Second, pursuant to I.C. § 16-2005(2)(b)(iii), the magistrate court found Doe committed a battery causing serious bodily harm to H.T. which similarly created a statutory basis for terminating Doe's parental rights to T.T. and a rebuttable presumption that termination of Doe's parental rights is in the best interests of T.T. Third, pursuant to I.C. § 16-2005(1)(b), the magistrate court found Doe neglected T.T. by failing to provide the proper parental care or control, or subsistence, medical, or other care necessary for T.T.'s well-being.

However, on appeal, Doe only challenges the magistrate court's finding of neglect; she does not challenge the court's findings of torture or battery of H.T. as a statutory basis to terminate Doe's parental rights to T.T. As previously articulated, the statutory grounds provided in I.C. § 16-2005 are independent, and a finding of any one of them is a sufficient basis upon which to terminate parental rights. When a judgment is granted on alternative grounds and one of those grounds is not addressed on appeal, we must affirm the judgment on the unchallenged basis. *Idaho Dep't of Health & Welfare v. Doe*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016). Accordingly, regardless of Doe's challenge to the finding of neglect, we affirm the magistrate court's finding of statutory grounds for termination on the unchallenged grounds of torture and battery causing severe bodily injury of H.T.

Further, we are not persuaded by Doe's challenge to the magistrate court's finding that Doe neglected T.T. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide for them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act (CPA) case and the

5

Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

First, Doe's arguments that she demonstrated a protective attitude towards her children concerning their contact with the registered sex-offender rely entirely on Doe's testimony during the hearing regarding whether the Department had made reasonable efforts at reunification. Further, Doe did not admit the transcript of the reasonable efforts hearing (over which a different magistrate presided) or ask the magistrate court to take judicial notice of the transcript during the termination trial. Consequently, the testimony on which Doe relies was not before the magistrate court at the termination trial and accordingly, the court did not make any factual findings related to these assertions. Doe provides no argument or authority that would permit an appellate court's consideration of testimony that was not before the trial court during a termination trial. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Accordingly, we decline to consider this argument on appeal.

Second, in its finding that Doe neglected T.T. by leaving her without proper parental care and control necessary for her well-being, the magistrate court found Doe maintained a toxic home environment in which H.T. was tortured and battered, resulting in serious bodily injury, and Doe failed to protect her children from contact with a registered sex-offender, which resulted in the individual sexually abusing J.T. The magistrate court acknowledged that it was not known whether T.T. was physically abused by Doe or to what extent she was exposed to the physical abuse of H.T. or the sexual abuse of J.T., but the court found it was clear the toxic environment traumatized T.T. and resulted in her being particularly fearful of Doe. Thus, the magistrate court acknowledged that T.T. may not have been abused by the registered sex-offender, but the presence of this individual contributed to the toxic home environment that left T.T. without the proper care and control necessary for her well-being.

Finally, Doe's arguments concerning her allegations that the Department failed to maintain reasonable efforts toward reunification and, thus, hindered her ability to progress in her case plan are unavailing. The magistrate court did not find Doe neglected T.T. because Doe failed to complete her case plan; the court found that Doe neglected T.T. by failing to provide her with the

6

proper care and control necessary to her well-being. Accordingly, it is irrelevant whether the Department made reasonable efforts at reunification as required by the case plan because that subsection was not the basis for finding neglect. Additionally, the Idaho Supreme Court has held inquiry into the Department's efforts at reunification is irrelevant to the termination of parental rights because reasonable efforts are requirements under the CPA, not Idaho's parental-rights termination statute. *Matter of Doe I*, 164 Idaho 883, 889-90, 436 P.3d 1232, 1238-39 (2019). If a parent stipulates to the purview of the CPA and the trial court places the child in the Department's legal custody, the Department may petition for termination. *Id.* at 890, 436 P.3d at 1239. Because Doe stipulated to the application of the CPA placing T.T. in the Department's legal custody, Doe's challenges to the Department's efforts at reunification are not applicable to her challenge to the judgment terminating her parental rights. As such, even upon consideration, Doe's challenges to the magistrate court's finding that she neglected T.T. are unpersuasive.

**B.    Termination of Doe's Parental Rights to T.T. Is in the Best Interests of the Child**

Doe alleges the magistrate court "discount[ed]" the evidence that T.T. did not have a permanent placement option at the time of the termination trial when it assessed whether termination of Doe's parental rights was in the best interests of the child. Thus, Doe argues the magistrate court did not adequately consider that termination of Doe's parental rights would result in T.T. continuing to live in foster care, a situation that Doe argues has been detrimental to T.T.'s safety and well-being.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

7

On appeal, Doe does not challenge the magistrate court's factual findings that Doe tortured and battered H.T. or its legal conclusion that termination of Doe's parental rights is in the best interests of T.T. based on Doe's torture and battery of H.T. pursuant to I.C. § 16-2005(2). As previously articulated, this Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights, *Doe (2018-24)*, 164 Idaho at 147, 426 P.3d at 1247, and when a party leaves statutory grounds for termination of parental rights unchallenged, we must affirm on the unchallenged basis. *Doe*, 163 Idaho at 711, 418 P.3d at 1220. Thus, we affirm the magistrate court's finding that termination is in the best interests of T.T. based on the unchallenged basis that Doe's torture and battery of H.T. created a rebuttable presumption that Doe failed to overcome, that termination of Doe's parental rights was in T.T.'s best interests.

Further, even upon consideration, Doe's allegation that the magistrate court "discount[ed]" evidence that T.T. did not have a permanent placement option at the time of the termination trial is not supported by the record. The magistrate court recognized that T.T. did not have a permanent placement option established at the time of the termination trial, though a relative was in the process of being licensed for permanent placement.[4] Nonetheless, the magistrate court found termination of Doe's parental rights to T.T. is in the best interests of the child because: (1) Doe was the primary perpetrator of serious physical abuse and manipulation against H.T.; (2) Doe resided and raised the children on a property with a registered sex-offender and made little to no effort to protect the children from the risk; (3) the toxic environment of Doe's household caused T.T. to have trauma-related behaviors; (4) T.T.'s trauma-related behaviors improved after removal from Doe's care; (5) Doe demonstrated a pattern of being unable to meet and place T.T.'s needs above her own; (6) ongoing safety concerns throughout the proceeding resulted in Doe being unable to progress beyond supervised visitation; (7) despite access to services to help address the safety concerns that brought T.T. into care, Doe did not demonstrate any appreciable improvement in her ability to safely parent T.T.; (8) Doe's psychological evaluation raised concern with Doe's lack of empathy towards her children and the potential that T.T. may become the next "target" for

---

[4]     The magistrate court noted that the Department's case worker assigned to Doe's case testified that difficulty finding a permanent placement option for T.T. was largely because the individuals considering becoming a permanent placement option for T.T. were frightened of the possibility of Doe's retaliation.

abuse and concluded no clinical interventions would successfully reduce the risk to T.T.'s safety if she were returned to Doe's care; and (9) it is in T.T.'s best interests to have permanency, with a safe and loving family, and the best path towards this goal is termination of Doe's parental rights. The magistrate court considered that T.T. lacked a permanent placement option, but ultimately found it was in T.T.'s best interests to terminate Doe's parental rights.

Doe's contention that living in foster care has been detrimental to T.T.'s safety and well-being is similarly unsupported and relies entirely on Doe's testimony during the reasonable efforts hearing, not the termination trial. Doe did not testify during the termination trial and her prior testimony was not before the magistrate court at the termination trial; accordingly, the court did not make any factual findings related to these assertions. Doe provides no argument or authority that would permit an appellate court's consideration of testimony that was not before the trial court during a termination trial and upon which the trial court did not make any factual findings. As such, we decline to consider this argument on appeal.

Further, the evidence presented at the termination trial does not support Doe's assertion that foster care was detrimental to T.T.'s safety and well-being. While the magistrate court acknowledged that T.T. struggled during her initial foster care placement, after transitioning to a different placement, the court found T.T. "settled in, and exhibited fewer problem behaviors." As previously noted, the magistrate court found that T.T. initially presented with trauma-related behaviors as a result of the toxic environment of Doe's household, but these behaviors improved upon removal from Doe's care and regressed upon increased contact with Doe. Doe does not acknowledge or challenge these findings on appeal.

Ultimately, the magistrate court considered the evidence presented at the termination trial and based on the findings detailed above, found that termination of Doe's parental rights to T.T. is in the best interests of the child. On appeal, Doe does not challenge any of the magistrate court's findings. Instead, Doe essentially asks this Court to disregard the function of the trial court and re-weigh the evidence, some of which was not before the trial court, which we decline to do. *See State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007) (holding trial courts have unique ability to weigh evidence and take into account the entire situation). The magistrate court's finding that termination of Doe's parental rights to T.T. is in the best interests of the child is supported by substantial and competent evidence.

## IV.

## CONCLUSION

The magistrate court did not err in finding that statutory grounds existed for termination of Doe's parental rights and termination is in the best interests of the child. Accordingly, the judgment terminating Doe's parental rights to T.T. is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.